In the

# United States Court of Appeals

### For the Seventh Circuit

No. 04-4022

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LEE A. WILSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 CR 88—**Barbara B. Crabb**, *Chief Judge.*

ARGUED APRIL 13, 2005—DECIDED FEBRUARY 2, 2006

Before EASTERBROOK, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Defendant Lee Wilson was con-
victed by a jury of being a felon in possession of ammuni-
tion, contrary to 18 U.S.C. § 922(g)(1). The predicate felony
is a Wisconsin sexual assault conviction for which Wilson
served four years in prison and was discharged with a
partial restoration of civil rights. His discharge certificate
advised him that certain of his civil rights were restored but
he was prohibited from possessing firearms unless he
received a pardon from the governor lifting the prohibition.

In unsuccessful motions to dismiss both before and after
trial, Wilson argued that his prior conviction is not a
qualifying felony within the meaning of 18 U.S.C.

§ 921(a)(20), which excludes from the scope of § 922(g)(1) any convictions for which civil rights have been restored unless the restoration of civil rights "expressly provides that the person may not . . . possess . . . firearms." Wilson argued that his prior conviction disabled him from possessing firearms only—not ammunition—because neither Wisconsin law nor the terms of his discharge certificate prohibited him from possessing ammunition. The district court rejected this argument and he renews it on appeal. He also raises evidentiary and sentencing issues. We affirm.

## I. Background

In 1999 Wilson was convicted in Wisconsin circuit court of Second Degree Sexual Assault of a Child and sentenced to four years' imprisonment. Upon his release from state prison in June 2003, Wilson received a discharge certificate from the Wisconsin Department of Corrections advising him that some of his civil rights were restored.[1] Specifically, the certificate advised him that his right to vote and eligibility for jury duty were restored. Importantly, however, the certificate also stated as follows: "Civil rights that are not restored to felon: 1. Firearms may not be used or possessed unless a pardon is received from the governor which does not restrict possession of firearms. 2. Public office can not be held unless a pardon is obtained from the governor."

In July 2004 Wilson was indicted on a charge of being a felon in possession of ammunition, contrary to 18 U.S.C. § 922(g)(1). Prior to trial Wilson moved to dismiss, arguing that he was not a convicted felon for purposes of § 922(g)(1)

---

[1] *See* WIS. STAT. § 304.078(2) (2003-04), which provides that a discharge certificate shall be issued when a convicted person has satisfied his or her sentence and shall list "[civil] rights which have been restored and which have not been restored."

because of the partial restoration of his civil rights and the terms of his discharge certificate. The district court found no merit to this contention, denied Wilson's motion to dismiss, and barred him from introducing evidence of his discharge certificate at trial.

Wilson's arguments on appeal do not directly implicate the facts adduced at trial, so we state them only briefly. On May 25, 2004, approximately one year after Wilson was released from state prison, a man was shot to death in Janesville, Wisconsin. Officers responding to 911 calls of "shots fired" were told to be on the lookout for a blue vehicle with a white top and shiny rims. A witness had observed a vehicle of this description leaving the area of the shooting at a high rate of speed. Officers located the car within minutes of the shooting, parked on a residential street. The car belonged to Wilson and contained numerous boxes of ammunition, loaded and unloaded handgun magazines, pistol grips, and holsters.

Wilson was found inside the home where the vehicle was parked. Witnesses inside the home testified that when Wilson arrived there, he seemed scared and informed them that he had "something he needed to hide." Wilson also instructed the occupants of the home to lie to police about the ownership of the vehicle and who had been driving it. The ammunition found in Wilson's car was the same make and caliber as shell casings found at the murder scene. Urundi Allen, a friend of Wilson's, was eventually charged with the murder; Wilson was charged with the crime of Harboring or Aiding a Felon. The record on appeal does not disclose the final disposition of this state charge.

The jury convicted Wilson of the § 922(g)(1) charge, and he renewed his motion to dismiss posttrial. The district court again denied it. Wilson was sentenced on November 17, 2004, during the six-month interval between this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir.

2004), and the Supreme Court's decision in the same case. *United States v. Booker*, 543 U.S. 220 (2005). The district court fashioned a discretionary sentence, treating the sentencing guidelines as advisory. The judge also specifically stated that she was taking into consideration the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

The judge noted that the applicable guidelines range was 130 to 162 months, but the statute under which Wilson was convicted carried a maximum term of 120 months' imprisonment. *See* 18 U.S.C. § 924(a)(2). The judge imposed the statutory maximum sentence, concluding that Wilson posed a "real danger" to the community based upon his extensive criminal history that included "a history of attacking women" and two prior felony convictions for crimes of violence. The judge also expressed concern that Wilson's recent lengthy period of incarceration had not deterred him from resuming his criminal activity upon his release.

## II. Discussion

### A. Restoration of Civil Rights

Wilson first argues that the district court erred in denying his motions to dismiss because the partial restoration of civil rights took him out of the category of persons prohibited from possessing ammunition by § 922(g)(1). We review a district court's denial of a motion to dismiss the indictment de novo. *United States v. Lee*, 72 F.3d 55, 57 (7th Cir. 1996). The felon-in-possession statute criminalizes the possession of ammunition by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The statutory definition of a "crime punishable by imprisonment for a term exceeding one year" excludes certain prior convictions that would otherwise qualify:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added).

Invoking this statutory language, Wilson argues that his felony sexual assault conviction cannot form the predicate for his possession-of-ammunition conviction under § 922(g). He concedes that the prior conviction disables him from possessing firearms but argues that he is not prohibited from possessing ammunition because neither Wisconsin law nor the language of his discharge certificate prohibit him from possessing ammunition. This argument ignores the plain language of the final clause of § 921(a)(20) and overstates the extent to which state law is consulted for purposes of § 922(g)(1) prosecutions.

We start with the fairly self-evident point that federal law, without reference to the law of any other jurisdiction, makes it a crime for a convicted felon to possess ammunition. Contrary to the assumption that runs through Wilson's argument, a federal prosecution for felon in possession of ammunition under § 922(g)(1) is in no manner dependent on whether the state in which the crime is committed has enacted a parallel statute criminalizing the same conduct. It is irrelevant that Wisconsin does not prohibit felons with discharge certificates from possessing ammunition. *See Caron v. United States*, 524 U.S. 308, 313 (1998) (convicted felon may not possess rifles or shotguns under § 922(g)(1) despite the fact that such possession was permitted to him

by state law); *DeRoo v. United States*, 223 F.3d 919, 926 (8th Cir. 2000) ("whether state law allows [the defendant] to possess ammunition is immaterial"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[T]he defendant can properly be convicted for possession of ammunition under § 922(g)(1), regardless of whether that same possession is prohibited under the state's law.").

State law *does* have a role to play in the federal statutory scheme, but that role is limited to the determination of whether the defendant is a convicted felon. Once the felony conviction is established, federal law prohibits the possession of either firearms *or* ammunition. The statute requires that we look to the law of the jurisdiction in which the predicate conviction was obtained to determine two propositions: (1) Has the defendant previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and (2) if so, has the jurisdiction of conviction pardoned the defendant, expunged his conviction, or restored his civil rights? *Caron,* 524 U.S. at 313. If the answer to the second of these questions is "yes," the defendant's previous conviction is excluded as a predicate for a felon-in-possession charge "unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not . . . possess . . . firearms." 18 U.S.C. § 921(a)(20). The "unless" clause limits the scope of the statutory exclusion for felons whose convictions have been pardoned or expunged, or for whom civil rights have been restored. If the pardon, expungement, or restoration of rights provides that the convicted person may not possess firearms, the conviction remains a qualifying predicate for purposes of § 922(g)(1).

It is undisputed in this case that Wilson was convicted of a crime punishable by more than one year in prison; that his conviction was not pardoned, expunged, or set aside; and that the state's partial restoration of his civil rights expressly provided that he could not possess firearms.

Wilson therefore meets the § 921(a)(20) definition of a convicted felon and under § 922(g)(1) is prohibited from possessing both firearms *and* ammunition. The district court properly denied his dismissal motions.

### B. Evidentiary Ruling

Wilson next argues that the district court should have permitted him to introduce his discharge certificate into evidence at trial so he could argue to the jury that he believed he was legally permitted to possess ammunition because the certificate only refers to a prohibition on firearms possession. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Hughes*, 970 F.2d 227, 232 (7th Cir. 1992).

Wilson's knowledge of the legality or illegality of his conduct is irrelevant to his conviction on the felon-in-possession charge. The mental state required for a conviction under § 922(g)(1) is that the defendant "knowingly" committed a violation of the statute. *See* 18 U.S.C. § 924(a)(2). We have held that the "knowingly" standard in § 924 requires only that a defendant possess "the intent to do the act that is proscribed by law," and that the government need not prove either a defendant's knowledge of the law or, by necessary implication, a defendant's knowledge of the illegality of his actions. *United States v. Obiechie*, 38 F.3d 309, 314-15 (7th Cir. 1994); *United States v. Toney*, 27 F.3d 1245, 1252 (7th Cir. 1994). As applied to this case, the government was required to prove only that Wilson intended to possess ammunition, not that he knew his possession was prohibited by federal law.

Accordingly, the only evidentiary purpose to which Wilson would have put his discharge certificate—to argue that he believed his possession of the ammunition was legal—was irrelevant to the issues properly before the jury. The district court did not abuse its discretion in declining to admit the discharge certificate at trial.

## C.  Sentencing Issues

The Presentence Investigation Report recommended a four-point enhancement to Wilson's base offense level because Wilson possessed the ammunition in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(5). The other felony for purposes of this enhancement was the state charge of Harboring or Aiding a Felon stemming from the events surrounding the Janesville murder. With the four-point enhancement to the base offense level included, the resulting guidelines range was 130-162 months. Without the enhancement, the range would have been 92-115 months. Prior to sentencing Wilson objected to the enhancement on the ground that it had not been submitted to the jury for resolution, citing this court's decision in *Booker*, 375 F.3d 508.[2]

The district court rejected Wilson's argument, holding that submission of the sentencing enhancement to the jury would be required only if the court treated the sentencing guidelines as mandatory. Because the court fashioned a discretionary sentence, consulting the guidelines range as advisory only and giving appropriate consideration to the sentencing factors specified in § 3553(a), Wilson's *Booker* argument fares no better on appeal. *See United States v. Julian*, 427 F.3d 471, 490 (7th Cir. 2005); *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005).

Wilson's remaining attack on his 120-month sentence is a patchwork of half-formed ideas. Giving the argument its most charitable interpretation, Wilson apparently is contending that because the district court found the

---

[2] As previously noted, Wilson's sentencing took place during the six-month interval between this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), and the Supreme Court's decision in the same case. *United States v. Booker*, 543 U.S. 220 (2005).

advisory guidelines range to be 130 to 162 months, the court necessarily adopted the PSI's recommendation of the four-level § 2K2.1(b)(5) enhancement, but there was insufficient evidence before the district court to do so. That is, Wilson asserts that the district court's adoption of the PSI included a factual error, and as a result the appropriate advisory guidelines range was really 92-115 months rather than 130-162 months.

This argument was not raised in the district court, so review is for plain error. *United States v. Guy*, 174 F.3d 859, 861 (7th Cir. 1999). Whether an error was committed is controlled by the twin principles that in the aftermath of the Supreme Court's *Booker* decision, district courts remain obligated to determine the advisory guidelines sentencing range based upon the facts of the case and we continue to review factual findings made by the district court for clear error. *Julian*, 427 F.3d at 489-90. A factual determination made for purposes of sentencing is clearly erroneous only if, after considering all of the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. *United States v. Wyatt*, 102 F.3d 241, 246 (7th Cir. 1996).

The district court adopted the PSI recommendation in determining that the advisory guidelines range was 130-162 months. The relevant facts recited in the PSI were that on the day in question Wilson's friend Urundi Allen had an argument with a man named Lonnie Edmond. During the argument, Allen placed a telephone call to Wilson and was overheard telling Wilson to "put it in the trunk" and get over to the scene of the confrontation right away. Wilson arrived in his vehicle within five minutes, and according to the PSI, "Wilson popped the trunk of the vehicle and Allen retrieved a gun from the trunk." Several minutes later Allen used a 9mm handgun to shoot and kill Edmond. Allen and Wilson fled in different vehicles, with Wilson winding up at the residence discussed earlier, where he informed the

occupants that he needed to hide something and instructed them to lie about the ownership of his vehicle. Following Wilson's arrest, officers found eight boxes of 9mm ammunition, pistol magazines, and pistol grips in his car. Three days after the shooting, a confidential informant housed with Wilson in the county jail told investigators that Wilson admitted that he supplied Allen with the gun used in the shooting and there was a gun hidden in Wilson's car that the police had never found. The next day the gun was discovered in a compartment under the back seat of Wilson's car.

Wilson was charged in state court with Harboring or Aiding a Felon, contrary to section 946.47 of the Wisconsin Statutes. This statute makes it a felony to, among other things, hide evidence with the intent to prevent the apprehension, prosecution or conviction of another person for a felony. Based upon the facts recited in the PSI and left unchallenged by Wilson, it was not clearly erroneous for the district court to have adopted the PSI's conclusion that Wilson's possession of the ammunition was accomplished in connection with another felony offense, namely, Harboring or Aiding a Felon.

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*