UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

*(Submitted August 23, 2006)*
Decided August 25, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2361

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>ELOY GOMEZ-CALVILLO,<br>    *Defendant-Appellant.* | Appeal from the United States<br>    District Court for the<br>    Eastern District of Wisconsin.<br><br>No. 05-CR-257<br><br>**William C. Griesbach**, *Judge.* |

**O R D E R**

Eloy Gomez-Calvillo, who had been removed from the United States in August 2003 for committing the aggravated felony of repeated sexual assault of the same child, pleaded guilty in January 2006 to illegally reentering the country, 8 U.S.C. § 1326(b)(2).  He was sentenced to 77 months' imprisonment and 3 years' supervised release.  He filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous argument for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Gomez-Calvillo has not responded to counsel's motion.  *See* Circuit Rule 51(b).  Counsel's brief is (barely) facially adequate, and so we review

only the potential arguments that he has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

The probation officer who prepared Gomez-Calvillo's presentence investigation report ("PSR") calculated an advisory guideline range of 77 to 96 months' imprisonment. Gomez-Calvillo did not object to the PSR, and the district court adopted it. Beginning with a base offense level of 8, *see* U.S.S.G. § 2L1.2, the court added 16 offense levels because Gomez-Calvillo previously had been deported for committing a felony that is a crime of violence. *See id.* § 2L1.2(b)(1)(A)(ii). After subtracting three levels for acceptance of responsibility, *see id.* §§ 3E1.1(a)-(b), the court arrived at a total offense level of 21, which combined with Gomez-Calvillo's criminal history category of VI to yield the applicable guideline range.

At the sentencing hearing, after confirming that Gomez-Calvillo had no objections to the guidelines calculation, the district court asked both counsel to recommend an appropriate sentence. The government discussed Gomez-Calvillo's lengthy criminal history, the seriousness of the offense for which he was removed from the United States, and his refusal to abide by that removal order, as factors weighing in favor of sentence within the guideline range. Gomez-Calvillo emphasized that he has more than a hundred family members living in the United States, that his criminal history was largely comprised of alcohol-related offenses, and that the conviction for which he was deported may be overturned on appeal in state court due to the victim's recantation. Gomez-Calvillo had been sentenced in Wisconsin to four years' imprisonment after his probation for the sexual assault conviction was revoked. At the time of sentencing on his illegal reentry conviction, he had about two years left to serve, and he requested that the district court impose a sentence of no more than 15 additional months.

The district court sentenced Gomez-Castillo to 77 months' imprisonment. The district court noted that his victim in the sexual assault cause may have recanted, but that the conviction "remains of record" and was the basis of a valid removal order. The district court also emphasized that as a person with "no legal right to be here," Gomez-Castillo had accumulated a lengthy criminal history, continuing to commit crimes even after illegally reentering the country. The district court discussed the factors in 18 U.S.C. § 3553(a) and concluded that a sentence within the guideline range was appropriate. Concluding that a consecutive sentence "would be excessive," the court imposed the sentence to run concurrently with the state court sentence.

In his *Anders* brief, counsel only considers challenging the sentence (as is appropriate because there is no indication that Gomez-Calvillo wants to withdraw his guilty plea, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002)), but concludes that any argument would be frivolous because the sentence is within a guideline range "determined by the court to be correctly applied," and therefore is  presumed

reasonable. Despite counsel's cursory treatment of the matter, we agree that any challenge to the sentence imposed would lack merit. Gomez-Calvillo did not object to the PSR and in his plea agreement even stipulated to a base offense level of 8 and a 16-level increase under U.S.S.G. §2L1.2(b)(1)(A). Thus, he would have a steep hill to climb in challenging the guideline range, and our review does not suggest that the district court erred, let alone plainly so, in its calculations. *See United States v. Wilson*, 437 F.3d 616, 621 (7th Cir. 2006) (reviewing for plain error challenge to guideline range when no objection was made to PSR in district court). The court chose a sentence at the bottom of a properly calculated range, so we would presume it reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And given the district court's reasoned consideration of the § 3553(a) factors, we discern no plausible basis on which Gomez-Calvillo might argue that it was unreasonable for the court not to impose a sentence below the range. Accordingly, counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.