NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 18, 2007
Decided July 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1066

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-140-C-01 |
| TIMOTHY D. GOTELAERE, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Timothy Gotelaere donned a yellow sweatshirt and sunglasses, entered the Superior Community Credit Union in Superior, Wisconsin, displayed what appeared to be a gun in the waistband of his pants, and presented to a teller a note that said "[n]o dye packs or bait bills." The teller handed over $3,250 in cash, $40 of which was left on the counter when Mr. Gotelaere fled. He was caught after police officers found him hiding in the woods near his (stolen) vehicle, which had become stuck on railroad tracks. Police officers recovered from the vehicle Mr. Gotelaere's wallet, a yellow sweatshirt, sunglasses, and a receipt for the toy gun that Mr. Gotelaere had displayed to the teller. Mr. Gotelaere pleaded guilty to robbing the

credit union using a dangerous weapon, *see* 18 U.S.C. § 2113(a), (d), and the district court sentenced him to 210 months' imprisonment and five years' supervised release. Mr. Gotelaere filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Mr. Gotelaere to respond to counsel's brief, *see* Cir. R. 51(b), but he has not. We therefore limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Mr. Gotelaere could challenge the calculation of his recommended guidelines range. Mr. Gotelaere raised no objections in the district court, so our review would be for plain error. *See United States v. Wilson*, 437 F.3d 616, 621 (7th Cir. 2006). The district court calculated Mr. Gotelaere's offense level at 34, which reflected his status as a career offender, *see* U.S.S.G. § 4B1.1(a), and his use of a dangerous weapon to rob the credit union, *see* 18 U.S.C. § 2113(d); U.S.S.G. § 4B1.1(b)(B). (As counsel notes, it would be frivolous to challenge the district court's finding that the toy gun qualified as a dangerous weapon for purposes of § 2113(d), *see United States v. Hargrove*, 201 F.3d 966, 968 n.2 (7th Cir. 2000)). The district court subtracted three levels for acceptance of responsibility, resulting in an offense level of 31, which when coupled with a criminal history category of IV, yielded a guidelines imprisonment range of 188 to 235 months. We agree with counsel that any challenge to the calculation of Mr. Gotelaere's offense level would be frivolous.

Counsel next considers whether Mr. Gotelaere could challenge the reasonableness of his sentence. Counsel advises, however, that the district court properly calculated Mr. Gotelaere's guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a), and addressed and rejected Mr. Gotelaere's mitigating arguments. *See United States v. Laufle*, 433 F.3d 981, 987-88 (7th Cir. 2006). The district court found that a sentence at the middle of the guidelines range was necessary "to meet the statutory purposes of sentencing"; despite Mr. Gotelaere's unhappy past, which included prevalent sexual and physical abuse, the court found that his criminal history and violence were extreme, and he "is a serious danger to the community." *See* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C). The district court found that the sentence imposed would "protect society," hold Mr. Gotelaere "accountable for [his] criminal conduct," and "provide him with needed correctional treatment," including substance abuse education and treatment programs and mental health treatment programs. *See id.* § 3553(a)(1), (2)(C), (2)(D), (4)(A). Counsel notes that this circuit accords sentences within the properly calculated guidelines range a rebuttable presumption of reasonableness. The Supreme Court recently upheld the use of such a rebuttable presumption, *see Rita v. United States*, No. 06-5754, 2007 WL 1772146 (June 21, 2007); *United States v. Sachsenmaier*, ___ F.3d ___, No. 05-3505, 2007 WL 1839282, at *4 (7th Cir. June 28, 2007), and we agree with counsel

that any potential challenge to the reasonableness of Mr. Gotelaere's sentence would be frivolous.

Finally, counsel considers whether Mr. Gotelaere could claim that his trial counsel was ineffective. He correctly notes, however, that such claims are more properly raised through a collateral attack. *See, e.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.