NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 29, 2007
Decided January 25, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL  A. MANION, *Circuit Judge*

Hon. DIANE. S. SYKES, *Circuit Judge*

No. 06-3683

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> GEORGE BROCHES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division <br><br> No. 05 CR 50037 <br><br> Philip G. Reinhard, <br> *Judge* |

**O R D E** R

George Broches pleaded guilty to bank fraud.  *See* 18 U.S.C. § 1344.  He was sentenced at the low end of the guidelines range to 97 months' imprisonment. Broches filed a notice of appeal, but his appointed counsel have moved to withdraw because they are unable to find a nonfrivolous basis for appeal.  *See Anders v. California,* 386 U.S.738 (1967).  We invited Broches to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so.  Our review is limited to the potential issues identified in counsel's facially adequate brief and Broches' response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The government agreed in a written plea agreement that Broches had accepted responsibility and, absent the discovery of conflicting evidence, was

therefore entitled to a three-point reduction in his offense level. *See* U.S.S.G. §3E1.1(a), (b). But the probation officer recommended in the presentence report that Broches receive a two-level upward adjustment for obstruction of justice, *see id.* § 3C1.1, and no reduction for acceptance of responsibility because he had willfully concealed assets from the probation officer. The probation officer explained that Broches had failed to disclose his ownership of a piece of real property worth approximately $30,000 and apparently had tried to conceal that he owned both his residence (which he transferred to his present landlord just two weeks before he was indicted) and a restaurant. The probation officer deemed this information necessary to accurately assess Broches' ability to pay restitution, which the parties agreed in the plea agreement he would owe in the amount of $271,997. *See* 18 U.S.C. §§ 3663(a)(3), 3663A, 3664. The probation officer also agreed with the government's recommendation that Broches receive a four-level increase in offense level for his role as a leader or organizer of the fraud scheme. *See* U.S.S.G. § 3B1.1(a).

At sentencing the district judge asked both defense counsel and Broches whether they had any objections to the presentence report. Both replied that they had none. The court, however, sua sponte addressed the proposed increase for obstruction of justice because it was not contemplated in the plea agreement. Broches was unable to provide a plausible explanation for his omissions. Defense counsel posited that they were simply "miscommunication[s] between him and Probation." The court disagreed; it found that Broches willfully failed to disclose assets. The court then adopted the probation officer's recommendations in full. After hearing argument on the sentencing factors in 18 U.S.C. § 3553(a), the court sentenced Broches at the low end of the guidelines range.

In their *Anders* submission, counsel first consider challenging the voluntariness of Broches' guilty plea, but properly avoid exploring that potential issue because Broches has told them that he does not wish to have his plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next consider whether Broches could argue that it was clear error for the district court to impose the two-level upward adjustment for obstruction of justice. *See United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007). Making a materially false statement to a probation officer with respect to a presentence report can form the basis for an obstruction increase if the court finds that the defendant did so willfully. *See* U.S.S.G. § 3C1.1 cmt n.4(h); *United States v. Kosmel*, 272 F.3d 501, 510 (7th Cir. 2001); *see also United States v. Sapoznik,* 161 F.3d 1117, 1121 (7th Cir. 1998) (explaining that obstructive conduct includes that which impedes the court from imposing a justly deserved sentence). It follows that several courts have upheld an increase for obstruction where a defendant concealed assets in order to distort his ability to pay restitution. *See United States v.*

*Anderson,* 68 F.3d 1050, 1055-56 (8th Cir. 1995); *United States v. Nelson,* 54 F.3d 1540, 1543-44 (10th Cir. 1995); *United States v. Smaw,* 993 F.2d 902, 903-05 (D.C. Cir. 1993). And here we could not deem clearly erroneous the district court's finding that Broches' willfully failed to disclose assets when he knew from the plea agreement that he was subject to a hefty restitution order. We therefore agree with counsel that this potential argument would be frivolous.

Counsel and Broches next consider arguing that the district court erred by denying Broches a three-level downward adjustment for acceptance of responsibility, but once again we agree with counsel that the potential argument would be frivolous. A defendant who obstructs justice, even one who pleads guilty, is not entitled to a reduction for acceptance of responsibility except in limited circumstances not applicable here. *See* U.S.S.G. § 3E1.1 cmt. n.4; *United States v. Davis*, 442 F.3d 1003, 1009-10 (7th Cir. 2006).

Counsel and Broches next consider whether Broches could challenge the reasonableness of his prison sentence. Broches' sentence is within the properly calculated guidelines range and thus would be presumed reasonable on appeal, *see United States v. Rita,* 127 S. Ct. 2456, 2463 (2007); *United States v. Gama-Gonzalez,* 469 F.3d 1109, 1110 (7th Cir. 2006), and counsel are unable to articulate any reason why the presumption would be overcome. The district court gave detailed and meaningful consideration to the relevant factors in 18 U.S.C. § 3553(a), which is all it was required to do. *See United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006). Broches insists that his 97-month sentence creates an "unwarranted disparity" between him and a co-defendant who received a one-year sentence. *See* 18 U.S.C. § 3553(a)(6). But Broches fails to say how the difference can be unwarranted when he was a leader in the offense and engaged in obstructive conduct. *See United States v. Gammicchia,* 498 F.3d 467, 469 (7th Cir. 2007). We have said repeatedly that differences in sentences arising solely from the application of the guidelines cannot be unwarranted, *e.g., United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007)*,* and so this potential argument would be frivolous.

Finally, Broches identifies two potential arguments not discussed in counsel's *Anders* brief. First he wishes to argue that the district court violated the Ex Post Facto Clause by determining his guidelines range using the guidelines manual in effect at the time of sentencing, not the manual in effect when he committed his offense. Had the parties used the latter manual, he argues, his total offense level would have been reduced by three. This argument is foreclosed by our current precedent, *see United States v. Demaree,* 459 F.3d 791, 794-95 (7th Cir. 2006) (holding that Ex Post Facto Clause is inapplicable to sentencing guidelines), and would therefore be frivolous. Broches also proposes to argue that the district court erroneously increased his offense level by four when the court determined that he was "an organizer or leader" of the offense. *See* U.S.S.G. § 3B1.1(a). Broches failed

to object to this increase, so our review would be for plain error only. *See United States v. Wilson*, 437 F.3d 616, 621 (7th Cir. 2006). He asserts without elaboration that there is "no evidence" to support the adjustment. But in his plea agreement he admitted that he devised the fraudulent scheme and recruited several accomplices. These admissions, which we take as true, *see United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001), are both indicative of a leadership role, *see United States v. Wasz*, 450 F.3d 720, 729-30 (7th Cir. 2006). Thus this argument would also be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.