# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2758

_____

United States of America

*Plaintiff - Appellee*

v.

Lorenzo Pedro Lorenzo-Lucas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 11, 2014
Filed: December 30, 2014

_____

Before LOKEN, BRIGHT, and KELLY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Appellant Lorenzo Pedro Lorenzo-Lucas ("Lorenzo-Lucas") was convicted by jury of one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). Over Lorenzo-Lucas's objection, the Government introduced at trial a form I-205, also known as a warrant of deportation, to establish that Lorenzo-Lucas had been previously deported in 2005. On appeal, Lorenzo-Lucas argues that the

district court's[1] admission of the warrant violated his Sixth Amendment right to be confronted by adverse witnesses. We disagree and therefore affirm.[2]

## I.      Background

On January 9, 2014, Lorenzo-Lucas was arrested on suspicion that he had reentered the United States illegally. As part of the developing investigation, the arresting officer requested Lorenzo-Lucas's alien file (A-file) which contained a signed warrant of deportation. "A warrant of deportation is a document that commands an immigration official to take custody of the deportee and to remove him from the United States." *United States v. Torres-Villalobos*, 487 F.3d 607, 612 (8th Cir. 2007). "A signed warrant indicates that the attesting witness observed the deportee leaving the country." *Id.*

The district court denied Lorenzo-Lucas's pretrial motion to suppress the warrant. At trial, the Government sought to admit the contents of Lorenzo-Lucas's A-file into evidence, including the warrant of deportation which indicated that Lorenzo-Lucas had been deported on May 4, 2005, pursuant to an order of removal. Lorenzo-Lucas objected on the ground that the admission of the warrant violated his Sixth Amendment confrontation rights. The district court overruled the objection and admitted the warrant into evidence.

The jury found Lorenzo-Lucas guilty of one count of illegal reentry in violation of 8 U.S.C. § 1326(a). The district court sentenced him to time served with no supervised release to follow. Lorenzo-Lucas filed a timely notice of appeal.

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

[2]We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.    Discussion

Lorenzo-Lucas argues that the district court violated his Sixth Amendment right to be confronted by witnesses against him when it admitted the warrant of deportation over his objection.  Lorenzo-Lucas contends that the warrant is testimonial evidence under *Crawford v. Washington*, 541 U.S. 36 (2004).  Thus, he argues, in order to admit the warrant at trial, the Government was required to either produce the individuals that signed and executed the warrant or demonstrate that he had a prior opportunity to cross examine those individuals if they were unavailable. We review Confrontation Clause objections to the admission of evidence de novo. *United States v. Dale*, 614 F.3d 942, 955 (8th Cir. 2010).

Lorenzo-Lucas's argument is foreclosed by our decision in *Torres-Villalobos*, 487 F.3d at 612, in which we held, post-*Crawford*, that a warrant of deportation is not testimonial evidence that implicates the Confrontation Clause of the Sixth Amendment.  We reasoned:

> Warrants of deportation are produced under circumstances objectively indicating that their primary purpose is to maintain records concerning the movements of aliens and to ensure compliance with orders of deportation, not to prove facts for use in future criminal prosecutions. They are properly characterized as non-testimonial official records that were prepared independent of this litigation.

*Id.* (citations omitted).

Undeterred, Lorenzo-Lucas argues that the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), calls into question the viability of *Torres-Villalobos*.  We disagree.  Lorenzo-Lucas fails to cite to any language in *Melendez-Diaz* that would suggest that *Torres-Villalobos* was decided incorrectly.  If anything, *Melendez-Diaz* confirms our holding in *Torres-Villalobos*

-3-

by emphasizing that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Id.* at 324. Indeed, "nothing in *Melendez-Diaz* is clearly irreconcilable with [the] holding that a warrant of removal is 'nontestimonial because it was not made in anticipation of litigation.'" *United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 (9th Cir. 2010) (quoting *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005)).

Finally, Lorenzo-Lucas argues that the recent increase in illegal reentry prosecutions is evidence that warrants of deportation are prepared in anticipation of litigation. But Lorenzo-Lucas fails to account for the number of illegal reentry prosecutions *relative to* the number of removal proceedings. Even with rises in illegal reentry prosecutions, recent statistics show that only a small fraction of removal cases in which a warrant of deportation is created actually results in a criminal prosecution.[3] *See also id.* at 1163-64, 1164 n.5 (same). Thus, we reject Lorenzo-Lucas's argument that warrants of deportation are prepared in anticipation of litigation.

---

[3]In 2013, while the United States removed 438,421 aliens pursuant to final orders of removal, *see* U.S. Dep't of Homeland Sec., *Yearbook of Immigration Statistics*, tbl. 39 (2013), *available at* http://www.dhs.gov/yearbook-immigration-statistics-2013-enforcement-actions, approximately 20,500 illegal reentry prosecutions were commenced from March 2012 to March 2013, *see* United States Courts, *Caseload Statistics*, tbl. D-3 (2013), *available at* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2013.aspx.

## III. Conclusion

For the foregoing reasons, we affirm.

_____