NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2016
Decided January 7, 2016

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1200

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> JOSÉ ARIAS-RODRIGUEZ, a.k.a. <br> MARCO ANTONIO RODRIGUEZ, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 12 CR 605 <br><br> Amy J. St. Eve, <br> *Judge*. |

**O R D E R**

José Arias-Rodriguez was charged with two counts of being in the United States without authorization after removal. *See* 8 U.S.C. § 1326(a). He testified at trial that he is not Mexican citizen Arias-Rodriguez but instead is a Puerto Rican citizen named Marco Antonio Rodriguez (the name on his Illinois driver's license). The jury disbelieved his testimony and returned guilty verdicts on both counts, and the district court sentenced the defendant to a total of 130 months' imprisonment. Arias-Rodriguez has filed a notice of appeal, but his appointed attorney contends that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a supporting brief that explains the nature of the case and addresses the issues that an appeal of this kind is expected to involve, and Arias-Rodriguez has not accepted our

invitation to comment on counsel's brief, *see* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

We start with counsel's suggested challenge to the admission into evidence of a prior statement by Arias-Rodriguez acknowledging Mexican, not Puerto Rican, citizenship. Counsel asserts that the statement arguably was obtained without the appropriate warnings set out in *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). Counsel concludes, however, that this asserted error was harmless and thus an appellate argument would be frivolous. We agree that the claim would be frivolous, but that is because we reject counsel's speculation that the admission—which was made while the defendant was jailed on charges of sexual assault of a minor—was improperly obtained.

First, it is unclear whether the interview was custodial or instead was entered into voluntarily. *See United States v. Menzer*, 29 F.3d 1223, 1230–32 (7th Cir. 1994) (concluding that incarcerated person was not "in custody" for *Miranda* purposes because there were no additional restraints on his freedom of movement); *Cervantes v. Walker*, 589 F.2d 424, 428–29 (9th Cir. 1978) (rejecting per se rule that jailhouse interviews always are custodial). And the interview may not have been interrogational; it was conducted while Arias-Rodriguez was detained on charges unrelated to his immigration status. *Compare United States v. Mata-Abundiz*, 717 F.2d 1277, 1279–80 (9th Cir. 1983) (concluding that jailhouse interview was interrogation when alien was in state custody on charge of possession of weapon *by alien*), *with United States v. Salgado*, 292 F.3d 1169, 1173–74 (9th Cir. 2002) (concluding that jailhouse interview was not interrogation when alien was in state custody on warrants unrelated to immigration status), *and United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997) (rejecting argument that absence of warnings required suppression because interviewer "could not be expected to anticipate that two years later Solano would illegally reenter the United States and that his responses to questions at his civil deportation hearing might incriminate him in a prosecution for this future crime"). Moreover, Arias-Rodriguez waived appellate review of this argument by not filing a pretrial motion to suppress the statement, as required by Federal Rule of Criminal Procedure 12(b)(3)(C). *See United States v. Acox*, 595 F.3d 729, 732–33 (7th Cir. 2010); *United States v. Kirkland*, 567 F.3d 316, 320 (7th Cir. 2009); *United States v. Hargrove*, 508 F.3d 445, 449–50 (7th Cir. 2007). (In fact, he did not object to admission of this statement at any point during the proceedings in the district court.) In any event, Arias-Rodriguez made an identical admission of Mexican citizenship during a 2008 interview, in which he *was* advised that he could remain silent and consult a

lawyer and was warned that statements he made could be used against him later in court.

Counsel also considers whether Arias-Rodriguez could argue that the prosecution failed to present sufficient evidence that he previously had been removed from the United States. As counsel points out, no government witnesses testified to seeing Arias-Rodriguez exit the United States and cross the border into Mexico. But the government did present testimony from deportation officers who in 2002 and again in 2008 observed Arias-Rodriguez board a secure flight in Chicago destined for a border crossing in Texas. The officers further testified that it is the regular practice of immigration agents to meet a plane when it lands, sign for custody of alien passengers subject to removal, drive them to the border, and watch them leave the country. A reasonable jury could have found from this circumstantial evidence that Arias-Rodriguez twice was removed to Mexico after being placed on a secure flight to Texas. *See United States v. Harvey*, 746 F.3d 87, 89–90 (2d Cir. 2014) (concluding that "properly executed warrant of deportation, coupled with testimony regarding the deportation procedures followed at that time, is sufficient proof that a defendant was, in fact, physically deported from the United States"); *United States v. Garcia*, 452 F.3d 36, 43–44 (1st Cir. 2006) (affirming conviction based on circumstantial evidence of previous removal); *see also United States v. Wasson*, 679 F.3d 938, 949 (7th Cir. 2012) (explaining that we "may uphold even a verdict based entirely on circumstantial evidence"); *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000) (concluding that circumstantial evidence provided "ample support" for guilty verdict).

Counsel next considers whether Arias-Rodriguez could argue that the district court improperly admitted into evidence warrants of removal, in violation of his Sixth Amendment right to confront adverse witnesses. But, as counsel correctly notes, we have classified warrants of removal as "nontestimonial business records not subject to the requirements of the Confrontation Clause." *United States v. Burgos*, 539 F.3d 641, 645 (7th Cir. 2008); *see United States v. Cantellano*, 430 F.3d 1142, 1145 (11th Cir. 2005); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005). This conclusion is not altered by the Supreme Court's later determination in *Melendez-Diaz v. Massachusetts* that a laboratory technician's report, which was prepared solely for use in a criminal trial, was testimonial and subject to the Confrontation Clause. 557 U.S. 305, 321–22, 324 (2009). The Supreme Court distinguished the technician's report from records "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id.* at 324. Unlike the report in *Melendez-Diaz*, the warrants of removal at issue here were created for the internal use of agencies tasked with enforcing

immigration laws, and only a small percentage ever are used in criminal prosecutions. *See United States v. Lorenzo-Lucas*, 775 F.3d 1008, 1010–11 & n.3 (8th Cir. 2014); *United States v. Villavicencio-Burruel*, 608 F.3d 556, 561 (9th Cir. 2010).

Counsel also considers whether an argument could be made that the government laid an insufficient foundation for the warrants of removal but rightly concludes that this argument would be frivolous. A proper foundation exists to admit business records if the offering party demonstrates "through the testimony of a qualified witness that the records were kept in the course of a regularly conducted business activity, and that it was the regular practice of that business to make such records." *United States v. Given*, 164 F.3d 389, 394 (7th Cir. 1999); *see United States v. Reese*, 666 F.3d 1007, 1017 (7th Cir. 2012). Here, a deportation officer testified that a warrant of removal is prepared by immigration authorities in the regular course of their business in order to "carry[] out" the agency's "legal duties." And, contrary to Arias-Rodriguez's contentions in his motions for acquittal and for a new trial, the persons who prepared these warrants of removal did not have to testify at trial, *see Given*, 164 F.3d at 394; *Reese*, 666 F.3d at 1017, and any inaccuracies in the warrants—including a purported error on the signature line of one of them—go to the "weight and not the admissibility" of the documents, *United States v. Keplinger*, 776 F.2d 678, 694 (7th Cir. 1985); *see United States v. Meienberg*, 263 F.3d 1177, 1181 (10th Cir. 2001); *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999) ("[A] party need not prove that business records are accurate before they are admitted.").

Counsel next addresses the district court's jury instruction on the elements of § 1326(a) and correctly concludes that an appellate challenge to that instruction would be frivolous. Arias-Rodriguez had proposed that the jury be instructed that it could not find him guilty of violating § 1326(a) unless it found that he knew each of the following: (1) he is not a United States citizen or national, (2) he had been removed from the United States, (3) he had returned to the United States, and (4) he had not been authorized by the Attorney General to return. But we have defined the offense without reference to a mens rea requirement. *See United States v. Rea-Beltran*, 457 F.3d 695, 702 (7th Cir. 2006); *see also United States v. Rivera-Sillas*, 417 F.3d 1014, 1020 (9th Cir. 2005) (defining § 1326(a) as general-intent offense); *United States v. Guzman-Ocampo*, 236 F.3d 233, 238–39 (5th Cir. 2000) (same). And we have explicitly rejected an argument that "intent to reenter the country *without the Attorney General's express consent*" is an element of the crime. *United States v. Carlos-Colmenares*, 253 F.3d 276, 278 (7th Cir. 2001) (emphasis added); *see Rea-Beltran*, 457 F.3d at 702; *United States v. Torres-Echavarria*, 129 F.3d 692, 697–98 (2d Cir. 1997). Concerning the first element, in similar contexts we have refused

to impose a requirement that the defendant knew of his status. *See United States v. Stein*, 712 F.3d 1038, 1040–41 (7th Cir. 2013) (declining to overturn conviction for unlawfully possessing a weapon when defendant argued that he was unaware of prohibited status); *United States v. Ballentine*, 4 F.3d 504, 506 (7th Cir. 1993) (rejecting argument that defendant must know of fugitive status before being convicted of receiving a firearm while a fugitive). The Ninth Circuit has suggested that in some cases a requirement may be imposed that the defendant knew he or she had returned to the United States. *See Rivera-Sillas*, 417 F.3d at 1020–21. But that decision addressed an argument concerning a hypothetical person who was convicted after "inadvertently wandering into this country," which the Ninth Circuit characterized as a "rare" occurrence. *Id.* There is no evidence that the defendant—who was discovered by immigration authorities first in Chicago and later Joliet—was unaware that he had returned to the United States.

Finally, counsel questions whether Arias-Rodriguez could successfully challenge his sentence and correctly concludes that any challenge would be frivolous. As counsel notes, Arias-Rodriguez was sentenced to 130 months' imprisonment, which is substantially more than the statutory maximum that ordinarily applies to his crime of conviction. *See* 8 U.S.C. § 1326(a) (allowing sentence up to two years' imprisonment on each count). But Arias-Rodriguez admitted during sentencing in this case to previously being "arrested, charged, and sentenced" for the crime of aggravated sexual abuse of a child under the age of 13. Because sexual abuse of a minor is characterized as an aggravated felony, *id.* § 1101(a)(43)(A); *Flores–Leon v. INS*, 272 F.3d 433, 435, 439 (7th Cir. 2001), the statutory maximum for each of Arias-Rodriguez's convictions is 20 years, *see* 8 U.S.C. § 1326(b)(2). The existence of that prior conviction is a sentencing factor, not an element of the crime, and did not need to be charged in the indictment or proven to the jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 633 (7th Cir. 2006); *United States v. Martinez-Garcia*, 268 F.3d 460, 463–64 (7th Cir. 2001).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.