In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3410

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH L. KIRKLAND,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 07 CR 30137—**Michael J. Reagan**, *Judge.*

ARGUED FEBRUARY 23, 2009—DECIDED JUNE 1, 2009

Before EASTERBROOK, *Chief Judge*, and KANNE and
EVANS, *Circuit Judges*.

KANNE, *Circuit Judge*. On the morning of September 2,
2007, officers of the Fairview Heights Police Department
arrested Kenneth Kirkland after a search of his vehicle
revealed crack cocaine. On September 4, Kirkland was
transferred to the custody of the Drug Enforcement
Agency. While in DEA custody, Kirkland made several
inculpatory remarks, and he was arraigned later that
afternoon. On April 30, 2008, Kirkland was convicted of

possession with intent to distribute fifty grams or more of cocaine base. He now appeals, arguing that his statements to DEA agents were inadmissible under Federal Rule of Criminal Procedure 5(a), 18 U.S.C. § 3501(c), and the Fourth Amendment. Because defense counsel did not adequately develop these arguments in the district court, Kirkland has forfeited his right to appeal these issues, and his conviction will be affirmed.

## I. BACKGROUND

In the early morning hours of September 2, 2007, Fairview Heights police responded to a report of suspicious activity related to Kenneth Kirkland at the Ramada Inn. A drug detection dog brought to the scene conducted an exterior "sniff" of Kirkland's vehicle and alerted to the presence of controlled substances. After the positive alert, police continued to monitor the hotel and Kirkland's vehicle.

As Kirkland left the Ramada Inn later that morning, Officer Brian Rogers stopped him for driving with a cracked windshield and failing to wear his seatbelt. After Rogers asked Kirkland some initial questions and issued him a warning for the traffic violations, Sergeant Mike Origliosso and DEA Task Force Officer ("TFO") Chris Modrusic arrived at the scene. Without notifying Kirkland of his rights, Rogers asked Kirkland to step out of the vehicle, told him he was free to leave, and asked if he would answer some questions. Kirkland agreed and gave consent for Rogers, Origliosso, and Modrusic to search the vehicle. The search revealed rifle cartridges and crack cocaine.

Kirkland was arrested at around 10:00 that morning. He was held in police custody until he was transferred to the DEA's office on the morning of September 4, approximately forty-eight hours later. TFO Mark Rigel read Kirkland his *Miranda* rights, and Kirkland agreed to speak with him.[1] When Rigel asked if Kirkland wanted to make a written statement, Kirkland responded that he would accept responsibility for the cocaine. Kirkland was arraigned before a magistrate judge at approximately 3:00 p.m. that afternoon. He was later indicted for possession with intent to distribute fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On November 30, Kirkland filed a motion to suppress "certain evidence in this matter." After reciting the events that occurred while in the custody of the Fairview Police Department, Kirkland claimed that his detention was "unreasonable, illegal, unlawful and unconstitutional." Specifically, he claimed that the length of the detention was constitutionally unreasonable and that the police violated the Fourth Amendment by detaining him

---

[1] The precise timing of Kirkland's arrest and transfer to the DEA office is unclear. The warning ticket was issued at 9:31 a.m. on September 2, and the search and arrest followed. Rigel's interview of Kirkland began at 10:10 a.m. on September 4, but it is unclear how long Kirkland had been at the DEA office. Although this time frame would be relevant to the forty-eight-hour window under *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), *see infra*, we will not reach the merits of this issue and therefore need not delve into the question of timing.

without a reasonable articulable suspicion that he was involved in criminal activity. He also argued that the interrogation roadside was coercive and conducted before he was advised of his constitutional rights under *Miranda*. He claimed that all subsequent statements and admissions were thus tainted by this illegal conduct.

On February 1, 2008, Kirkland filed a memorandum in support of this motion, in which he repeated his Fourth Amendment argument and requested that the seized crack be suppressed. Conspicuously absent from both the motion and memorandum was any mention whatsoever of the DEA or Kirkland's statements to TFO Rigel.

On February 28, the court held a suppression hearing. Defense counsel repeated the arguments made in his motion and memorandum and added:

> Regarding the statements that he ultimately makes at the DEA office several days later, I believe those warrant suppression as well, Your Honor, based upon the fact that he had been in custody for over 48 hours at that point, apparently had not even had a change of clothing. My understanding is that he was brought to Court later that day, but not before being interviewed at the DEA office.

The District Court issued an order on April 15. The court declined to suppress the physical evidence because the search was supported by probable cause and was consensual. However, it held that any statements made at the side of the road were in violation of *Miranda*. In deciding which statements to suppress, the district court noted:

> [I]n his motion, Kirkland does not specify which particular statements were unconstitutionally obtained, and this Court "need not try to fish a gold coin from a bucket of mud" in determining which specific statements Kirkland intends to challenge. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Nonetheless, at the hearing, Kirkland referred specifically to statements he made at the scene . . . as well as the September 4, 2007[,] statement he made to Officer Rigel.

*United States v. Kirkland*, No. 07-CR-30137, 2008 WL 1774602, at *6 (S.D. Ill. Apr. 15, 2008). The court then determined that, with respect to his statements to TFO Rigel, Kirkland had received *Miranda* warnings and indicated a willingness to speak to officers. Thus, the court determined that these statements were constitutionally obtained and admissible.

On April 30, following a jury trial, Kirkland was convicted. On September 19, he was sentenced to 240 months' imprisonment and ten years' supervised release.

## II. ANALYSIS

On appeal, Kirkland argues that he was held for an unreasonable amount of time prior to being brought before a magistrate for a probable cause determination. The Fourth Amendment requires that a defendant receive a judicial determination of probable cause promptly after arrest or detention. *Gerstein v. Pugh*, 420 U.S. 103, 114

(1975). In *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), the Supreme Court held that, absent evidence of ill will or unreasonable justifications for delay, a judicial probable cause determination is generally prompt for purposes of the Fourth Amendment if it occurs within forty-eight hours after arrest or detention. Where a defendant does not receive a probable cause determination within forty-eight hours, the burden shifts to the government to justify the delay. *Id.* at 57.

Similarly, Rule 5(a) of the Federal Rules of Criminal Procedure requires that a person arrested on a federal charge be presented to a magistrate judge "without unnecessary delay." Even given a delay in presentment, however, a voluntary confession made within six hours of arrest remains admissible. 18 U.S.C. § 3501(c). On the other hand, a voluntary confession made after the six-hour safe-harbor period may be inadmissible as a Rule 5(a) violation and pursuant to *McNabb v. United States*, 318 U.S. 332, 344-47 (1943), and *Mallory v. United States*, 354 U.S. 449, 455-56 (1957). *Corley v. United States*, 129 S. Ct. 1558, 1571 (2009) (holding that § 3501 did not supplant *McNabb-Mallory* and that "[i]f the confession occurred before presentment and beyond six hours . . . the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases").

Time spent in state custody does not generally count toward § 3501(c)'s six-hour limitation. *United States v. Carter*, 910 F.2d 1524, 1528 (7th Cir. 1990). To suppress a statement in a federal prosecution based on excessive time spent in state custody, the defendant must establish a clear

"working arrangement between federal agents and state or local officials." *Id.* It is not enough to provide a "bare suspicion" of such a working arrangement. *United States v. Gaines*, 555 F.2d 618, 622 (7th Cir. 1977). Instead, the defendant must "show that state custody was 'designingly utilized' to circumvent Rule 5(a)." *Id.* at 625 (quoting *United States v. Chadwick*, 415 F.2d 167, 171 (10th Cir. 1969)); *see also Carter*, 910 F.2d at 1528.

Kirkland claims that the district court erred in failing to suppress his confession to TFO Rigel. He argues that his extended detention before presentment to a magistrate judge violated Rule 5(a), § 3501(c), and the *McNabb-Mallory* line of cases because TFO Modrusic's involvement in the state investigation constituted a collusive working arrangement between federal and state authorities.[2] He also claims that the length of time he spent in custody before receiving a probable cause determination—over forty-eight hours—violated the Fourth Amendment under *Riverside.* For the reasons that follow, we find that Kirkland has forfeited his right to raise these issues on appeal.

It is well established that a criminal defendant seeking to suppress evidence must do so prior to trial. *See* Fed. R. Crim. P. 12(b)(3)(C); *United States v. Brodie*, 507 F.3d 527,

---

[2] We note that at oral argument, Kirkland conceded that he had forfeited this issue. However, neither of his briefs makes such a concession. Considering that Kirkland's briefs both contain a lengthy Rule 5(a) discussion and that our analysis of this issue is parallel to the Fourth Amendment inquiry, we will discuss Kirkland's forfeiture of both issues together.

530 (7th Cir. 2007). Under Federal Rule of Criminal Procedure 12(e), "a defendant who does not assert a timely motion to suppress 'waives' the defense." *Brodie*, 507 F.3d at 530; *see* Fed. R. Crim. P. 12(e). We have held that the term "waiver" in Rule 12(e) encompasses not only the typical definition of waiver, where a defendant intentionally relinquishes a known right, but also forfeiture, where a defendant fails to assert a right in a timely fashion. *Brodie*, 507 F.3d at 530-31. Thus, we apply Rule 12(e) where a defendant has either waived or forfeited his right to seek suppression of evidence. *See id.*

Under ordinary circumstances, waiver precludes appellate review altogether, whereas we review a forfeited issue for plain error. *Id.* A forfeited suppression argument presents a special situation because, under Rule 12(e), "the defendant must first show good cause for failing to make that argument in the district court" before we may review it. *United States v. Murdock*, 491 F.3d 694, 699 (7th Cir. 2007). Kirkland does not make a good cause argument, and we therefore will review his claims only if we find that he adequately raised them in the district court, i.e., that he did not forfeit them in the first place. *See United States v. Hargrove*, 508 F.3d 445, 450 (7th Cir. 2007) (holding that a defendant who gave no explanation for his failure to seek suppression had not made the good cause showing required by Rule 12(e)).

Not only must the defendant move to suppress evidence to preserve an issue for appeal, but he also must identify the grounds upon which he believes suppression is warranted. *United States v. Pope*, 467 F.3d 912,

919 (5th Cir. 2006); *United States v. Dewitt*, 946 F.2d 1497, 1502 (10th Cir. 1991); *cf. Brodie*, 507 F.3d at 531 ("This court has repeatedly held that there is no good cause to excuse a Rule 12 forfeiture where a defendant files a timely motion to suppress on one ground, and later seeks to assert a new ground for suppression for the first time on appeal."). Kirkland maintains that, although his memoranda did not raise the specific issues he now appeals, his counsel's statement at the suppression hearing was sufficient to preserve them. We disagree.

Near the end of the suppression hearing, defense counsel requested for the first time that the court suppress Kirkland's statements to the DEA. He noted that Kirkland had been in custody for more than forty-eight hours without a change of clothing. He also stated that Kirkland had been brought before the court later that day, but not before being interviewed at the DEA office. In this context, he did not mention the Fourth Amendment, *Riverside*, Rule 5(a), § 3501(c), *McNabb*, *Mallory*, or a "working arrangement" between federal and state officials. In other words, he failed to develop the argument with citation to any relevant authority or meaningful discussion. Such a failure results in forfeiture, *see Jarrard v. CDI Telecomm., Inc.*, 408 F.3d 905, 916 (7th Cir. 2005), because it does not give the government a meaningful opportunity to rebut Kirkland's claims, nor does it notify the district court that it needs to address them, *see Pope*, 467 F.3d at 919.

We do not demand that a defendant's argument be a "model[] of trial advocacy" to avoid forfeiture. *United*

*States v. Roque-Espinoza*, 338 F.3d 724, 727 (7th Cir. 2003). For example, in *Roque-Espinoza*, we held that the defendant did not forfeit his right to raise a due process challenge on appeal, even though he had failed to label his argument as such in the court below. *See id.* In that case, however, the defendant cited the applicable law, and the district judge was "plainly able to discern" from the defendant's filings which combination of cases formed the basis of his argument. *Id.* In contrast, Kirkland's counsel did not cite any applicable cases at the suppression hearing, nor did he articulate any of their underlying principles. The district court was, therefore, unable to ascertain the grounds upon which Kirkland based his argument. This is evident from the district court's order, which mentioned counsel's comments only insofar as they related to Kirkland's *Miranda* argument. For us to rule on these additional issues when the district court had no opportunity to do so "would run counter to axiomatic principles of appellate review." *Pope*, 467 F.3d at 919.

Perhaps in hindsight we can discern a plausible connection between defense counsel's comments and the grounds Kirkland now raises on appeal. After all, counsel did mention the forty-eight-hour detention and the fact that Kirkland had not been brought before the court prior to the interview at the DEA office. But these comments could just as easily have been directed to the argument in Kirkland's suppression motion that his statement was involuntary. Courts "are not in the business of formulating arguments for the parties," *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir. 1999); it is defense counsel's job to develop suppression arguments

in a meaningful way so that the government has an
adequate opportunity to respond and the district court to
make an informed decision, *cf. Pope*, 467 F.3d at 919
(holding that forfeiture had occurred where neither the
government nor the district court was put on notice of
the issue). Thus, just as the district court "'need not try
to fish a gold coin from a bucket of mud'" in determining
which evidence to suppress, *Kirkland*, 2008 WL 1774602,
at *6 (quoting *Lockheed-Martin Corp.*, 328 F.3d at 378), it
also need not try to imagine every plausible argument
that could be extracted from an attorney's comments.

Finally, we also note that defense counsel's perfunctory
comments were untimely. The district court set a Novem-
ber 28, 2007, deadline for Kirkland's suppression
motions, and Kirkland's final reply brief was due on
January 25, 2008. Yet Kirkland did not mention the state-
ment to the DEA until his suppression hearing on
February 28. Not only must the defendant raise a sup-
pression motion prior to trial to avoid waiver or
forfeiture, but he must also comply with any timing
requirements set by the district court. Fed. R. Crim. P.
12(c); *see United States v. Mancillas*, 183 F.3d 682, 703 (7th
Cir. 1999). If a defendant makes a motion or raises an
argument in an untimely manner, it is within the discre-
tion of the district court to refuse to address it. *United
States v. Moralez*, 964 F.2d 677, 680-81 (7th Cir. 1992); *see
also Mancillas*, 183 F.3d at 703-04 (affirming the district
court's refusal to consider a motion to suppress where
it was raised for the first time at a suppression hearing
that took place after the period set by the court had
ended). Considering that Kirkland gives no explanation

for his failure to raise these arguments in his initial motion, it would have been within the district court's discretion to refuse to consider them in the first instance. *See Mancillas*, 183 F.3d at 703-04.

### III. CONCLUSION

Defense counsel's comments at the sentencing hearing were not sufficiently developed to preserve the issues Kirkland now raises on appeal. Kirkland has therefore forfeited his right to appeal these issues under Rule 12(e). We AFFIRM the judgment of the district court.