NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013
Decided April 1, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2879

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-20094-001 |
| CORNELIUS C. MITCHELL, *Defendant–Appellant.* | Michael P. McCuskey, *Judge.* |

## O R D E R

Cornelius Mitchell was stopped in traffic and arrested by police officers who saw him leave his apartment when they arrived to execute a search warrant. Although initially he invoked his right to counsel, Mitchell later spoke to officers about crack cocaine and a gun found in the apartment. He was charged in federal court—first by complaint and then indictment—with possession of crack with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm as a felon, 18 U.S.C. § 922(g)(1). Mitchell's lawyer filed two motions to suppress, one asserting that the physical evidence and confession should be excluded as fruits of an unlawful arrest, and the other contending that Mitchell was interrogated in violation of his right to counsel. Mitchell also filed a pro se "Motion to Dismiss Warrantless Arrest," claiming that the arresting officers violated his rights by not taking him immediately to a judicial officer. After the district court denied these motions, Mitchell pleaded guilty as part of an agreement allowing him to challenge the court's rulings but

otherwise waiving his right to appeal. The court sentenced him to a total of 235 months' imprisonment and eight years' supervised release. Mitchell filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Mitchell opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in his response and counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Mitchell has told counsel that he wants his guilty pleas to stand unless the rulings on the three motions are overturned, so counsel appropriately omits discussion of potential issues about the plea colloquy or the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). And since Mitchell's broad waiver of appeal stands along with his unchallenged guilty pleas, any possible claim beyond what Mitchell preserved in his conditional plea agreement is necessarily frivolous. *See United States v. Kingcade*, 562 F.3d 794, 797–98 (7th Cir. 2009); *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1998). We thus limit our discussion to the motions to suppress.

Two police officers testified during evidentiary hearings on Mitchell's motions. According to the officers, Mitchell already was under investigation a month before his arrest, and at that time they had sent an informant to buy crack from Mitchell, as the informant had done previously. During that transaction, surveillance officers witnessed the informant meet and speak with Mitchell outside a Rent-A-Center store and then follow Mitchell's wife by car to another location, where she entered the informant's car and delivered the drugs (as Mitchell had instructed). The officers then tailed Mitchell's wife as she returned to the store, picked up Mitchell, and continued on to an apartment that investigators later linked to the couple. Mitchell was not arrested that day, but instead the police continued their investigation and used the information developed that day when they later obtained a search warrant for the apartment.

On the day that warrant was executed, the officers assembling outside the apartment saw Mitchell leaving in his car. Officer Jaceson Yandell instructed other officers to follow and stop Mitchell. Yandell joined them shortly after and arrested Mitchell. The police returned Mitchell to the apartment, where the ongoing search already had uncovered nearly 80 grams of crack. Meanwhile, Yandell interviewed Mitchell's wife, who admitted living there but denied owning or knowing about the drugs. Yandell then recited *Miranda* warnings to Mitchell, who agreed to be interviewed and confessed that the drugs were his, but declined to name his supplier without having an attorney. Yandell accordingly halted the interview.

Officer Yandell then learned that a gun had been found in a purse near the drugs. He questioned Mitchell's wife about the gun, but she again asserted ignorance. Unprompted, Mitchell then mumbled: "It's not her. It doesn't have anything to do with her. It's all mine." Yandell reminded Mitchell that he had invoked his right to counsel, but Mitchell said he wanted to speak with the officer. Yandell retrieved a consent form with *Miranda* warnings and discussed it with Mitchell. Mitchell signed the form and began writing a confession to owning the drugs and gun but stopped partway through and, this time, requested to speak with his attorney. After he called his lawyer's office and reached only the secretary, Yandell asked if he could help, and Mitchell answered by questioning whether his wife would be charged with any crime. Yandell called the assistant United States attorney who would be handling the case, and she assured Mitchell via speaker phone that his wife would not be charged. Mitchell continued writing, but his attorney's office called back and instructed him to say nothing further. He was taken to jail and, the next day, before a magistrate for an initial appearance.

Mitchell testified that he had not been given *Miranda* warnings before Officer Yandell began speaking with him. He denied making an oral admission to owning the drugs but equivocated when asked whether he had known about his right to have an attorney present. He insisted that no one had answered his call to the lawyer's office, yet he conceded that the secretary had called back to advise him to stay quiet.

In her *Anders* submission counsel first considers challenging the denial of Mitchell's pro se motion accusing the police of undue delay in taking him to a judicial officer after his arrest. Counsel rightly concludes that an appellate claim would be frivolous. Not only did the discovery of the drugs and gun have nothing to do with the timing of Mitchell's first appearance in court, but his court appearance fell comfortably within the 48-hour window deemed reasonable under the Constitution and rules of procedure. *See* FED. R. CRIM. P. 5(a); *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); *United States v. Kirkland*, 567 F.3d 316, 319 (7th Cir. 2009). Moreover, because Mitchell voluntarily confessed less than six hours after his arrest, his confession was admissible whether or not his appearance before the magistrate judge could have been more prompt. *See* 18 U.S.C. § 3501(c); *Corley v. United States*, 556 U.S. 303, 322 (2009); *Kirkland*, 567 F.3d at 320.

Counsel next considers whether Mitchell could challenge the denial of his motion to suppress his confession and the physical evidence as fruits of the traffic stop. Again we agree with counsel that this claim would be frivolous. The physical evidence found during execution of the search warrant could not have been fruits of Mitchell's arrest, whether lawful or not. And that arrest, although made while Mitchell was driving his car, was based on Mitchell's participation in the controlled drug buy a month earlier. That

transaction provided the police with probable cause to arrest Mitchell, *see United States v. Watson*, 423 U.S. 411, 423 (1976); *United States v. Carrillo*, 269 F.3d 761, 766–67 (7th Cir. 2001); *United States v. Navarro*, 90 F.3d 1245, 1253 (7th Cir. 1996), which was not rendered stale by the passage of one month, *see United States v. Mitten*, 592 F.3d 767, 775 (7th Cir. 2010); *Forman v. Richmond Police Dept.*, 104 F.3d 950, 962 (7th Cir. 1997); *United States v. Morrison*, 594 F.3d 626, 631 (8th Cir. 2010). Mitchell contends in his Rule 51(b) response that the police, having probable cause to arrest him for the drug crime, could stop him in traffic only if he violated a traffic law. That argument is frivolous.

Counsel last considers challenging the district court's refusal to suppress Mitchell's incriminating statements on the ground that he was not apprised of his rights. *See Miranda v. Arizona*, 483 U.S. 436 (1966). Once more we agree with counsel's assessment that this claim would be frivolous. The district court credited the testimony of the police officers that Mitchell had been advised of his rights to remain silent and to have counsel, which he initially invoked, but that he later volunteered more information even after being reminded that he had invoked his right to an attorney. Mitchell knowingly and voluntarily reinitiated communication with the police, thus waiving his right to first speak with an attorney. *See Davis v. United States*, 512 U.S. 452, 458–59 (1994); *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981); *United States v. Robinson*, 586 F.3d 540, 545–47 (7th Cir. 2009).

Counsel's motion to withdraw is **GRANTED**, Mitchell's request for substitute counsel is **DENIED**, and the appeal is **DISMISSED**.