NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 26, 2017
Decided May 4, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3318

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:14CR054-001 |
| LINN H. JOHNSON, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Linn Johnson pleaded guilty to possessing child pornography, 18 U.S.C.
§ 2252(a)(4)(B). He challenges his sentence, arguing that the district court improperly relied on statements he made during an interview with an FBI agent and other law-enforcement officers in which he admitted to sexually molesting his seven-year-old niece on more than one occasion. Based on those statements, the judge applied a five-level increase to Johnson's offense level for engaging in a pattern of activity involving sexual abuse of a minor. U.S.S.G. § 2G2.2(b)(5). And because Johnson denied the pattern of abuse at sentencing, the judge refused to credit him for acceptance of responsibility. *Id.* § 3E1.1.

Johnson now argues that his admissions of sexual abuse are unreliable because he was drowsy during the interrogation. But Johnson never challenged the reliability of his custodial statement in the district court, and nothing in the presentence investigation report, nor any evidence presented at the sentencing hearing, signaled to the judge that his admissions were obviously unreliable. We therefore affirm the sentence.

Johnson made the challenged admissions during a video-recorded interview when he was asked to confirm what he had said in an earlier, unrecorded phase of his interrogation. Near the beginning of the recorded interview—which took place in the afternoon—Johnson complained of being tired, saying he had been having trouble sleeping at night. In response the interrogating officer promised to keep the questioning short. As the interview continued, Johnson repeated several times that he was falling asleep. The officer responded that it was important for him to "try and stay awake." When he was asked if he was being truthful, Johnson replied that he was "kind of tired" but was indeed telling the truth. Throughout the interview Johnson sat upright in his seat, answered questions coherently and with specificity, and denied some of the allegations against him.

During the interview, Johnson gave the following details that the judge accepted as the factual basis for the five-level enhancement under § 2G2.2(b)(5). Johnson told the officers that he woke up one morning to find his niece "rubbing her vagina against [his] erection." He said they were both clothed at the time. He also told the officers that his niece had placed his hand on her vagina and he had rubbed her clitoris "[t]hree or four times." He added that she had twice put her hands inside his pants and rubbed his testicles. Finally, Johnson said that he "always stopped" when his niece asked him to, but when asked if this sexual contact happened "again the next day, week, month, or whatever," he answered, "yeah."

In his sentencing memorandum to the district court, Johnson briefly mentioned that he had been interrogated three times on the same day and was "close to falling asleep, and appear[ed] extremely tired" during the recorded part of the interview. But he never argued that his drowsiness made his statements unreliable. At the sentencing hearing, he did not mention the issue at all. Instead he maintained that his admissions did not establish a pattern of abuse because there "were not two incidents constituting 'sexual abuse or exploitation.'" He insisted that his first admission—that he awoke to find his niece rubbing against his crotch—was not a "sexual act" as required by 18 U.S.C. § 2243 because it was not "skin to skin" and he did not intend to "abuse, humiliate, harass, degrade, or arouse or gratify" her pursuant to 18 U.S.C. § 2246(2)(D). And, he

continued, the second admission—that he had touched his niece's genitals multiple times—really only involved "a single incident" where he was applying medication to his niece's private areas at her mother's request.

After reviewing three video clips from the recorded interview and the corresponding excerpts from the transcripts of the interview, the judge found that the evidence established a pattern of sexual abuse of a minor. He rejected as "unbelievable" Johnson's claim that he was merely applying medication to his niece. The judge also rejected Johnson's argument that his admissions established, at most, only a single episode of abuse. After applying the five-level increase for a pattern of abuse of a minor, *see* U.S.S.G. § 2G2.2(b)(5), the judge denied a two-level reduction for acceptance of responsibility because Johnson had falsely denied the abusive conduct, *see id.* § 3E1.1. This yielded a guidelines range of 262 to 327 months, which was reduced to the statutory maximum of 240 months, *see* 18 U.S.C. § 2252(b)(2). The government recommended the maximum 240-month sentence, but the judge rejected that as too high and imposed a sentence of 144 months.

On appeal Johnson contends that his custodial statements were unreliable because he was falling asleep during the recorded interview. He did not properly preserve this objection. To challenge the reliability of facts presented in a PSR, the defendant must not only challenge their accuracy but also "produce some evidence that 'calls the reliability or correctness of the alleged facts into question.'" *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004) (quoting *United States v. Mustread*, 42 F.3d 1097, 1102 (7th Cir. 1994)). Otherwise a district court may rely on facts asserted in the PSR. *See United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008); *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007).

In his sentencing memorandum, Johnson alluded only in passing to his drowsiness during the recorded interview; he did not mention the issue at all during the sentencing hearing. And never at any point did he make any effort to develop a legal argument that his drowsiness made his admissions unreliable. Johnson thus forfeited this argument and plain-error review applies. *See United States v. Knox*, 624 F.3d 865, 873 n.6 (7th Cir. 2010) (treating failure to challenge reliability as forfeiture, not waiver); *United States v. Kirkland*, 567 F.3d 316, 322 (7th Cir. 2009) (observing that the district court "need not try to imagine every plausible argument that could be extracted from an attorney's comments"); *Salinas*, 365 F.3d at 588 (reviewing for plain error where the defendant merely argued that the allegations in the report were unverified).

Johnson faces a heavy burden to establish plain error. *See United States v. Burns*, 843 F.3d 679, 687 (7th Cir. 2016) (reversing for plain error only for an obvious defect that affects the defendant's substantial rights and impugns the fairness, integrity, or public reputation of the proceedings). Absent a specific objection, a district court may properly rely on the facts asserted in a PSR unless the report contains an obvious inconsistency or contradictory evidence—such as when a witness quoted in it "admits his memory is not sharp." *United States v. Galbraith*, 200 F.3d 1006, 1012 (7th Cir. 2000). Johnson has identified no obvious inconsistency or internal contradiction, so the judge was entitled to rely on the facts as they were stated in the PSR. Moreover, the video clips of the interview show that although Johnson complained about being sleepy, the interrogating officer promised to keep the questioning short and Johnson thereafter remained attentive to the flow of questions, gave specific details about the abuse he had committed, and assured the officers that he was being truthful. We find no error.

AFFIRMED.