FILED
United States Court of Appeals
Tenth Circuit

November 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KENNETH L. KIRKLAND,

    Petitioner - Appellant,

v.

N.C. ENGLISH,

    Respondent - Appellee.

No. 18-3175
(D.C. No. 5:18-CV-03186-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

Proceeding pro se, federal prisoner Kenneth Kirkland appeals the district

court's denial of his 28 U.S.C. § 2241 habeas application—his third attempt at habeas

relief and second under § 2241.[1]  The district court dismissed Mr. Kirkland's

application because it should have been brought under 28 U.S.C. § 2255 and did not

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Kirkland requests a certificate of appealability, Aplt. Br. at 6-7, but a federal prisoner is not required to obtain one to seek review of a district court's denial of a habeas application under § 2241, *Eldridge v. Berkebile*, 791 F.3d 1239, 1243 (10th Cir. 2015).

qualify for the exception in § 2255(e)'s savings clause. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

In 2008, Mr. Kirkland was convicted in the United States District Court for the Southern District of Illinois of intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). *United States v. Kirkland*, No. 3:07-cr-30137-MJ-DGW, (S.D. Ill. Sept. 19, 2008). He was sentenced to 240 months in prison. *Id.* Mr. Kirkland received a longer sentence because he had a prior felony drug offense under 21 U.S.C. § 841. In his brief, he reports this predicate offense was for second-degree drug trafficking under Missouri law. Aplt. Br. at 1. Mr. Kirkland is serving his sentence at a federal prison in Kansas.

Mr. Kirkland appealed his conviction to the Seventh Circuit, arguing that: (1) the police held him for an unreasonable period of time before bringing him before a magistrate, and (2) the district court erred in failing to suppress his confession. *See United States v. Kirkland*, 567 F.3d 316, 318-19 (7th Cir. 2009). The Seventh Circuit affirmed. *Id.* at 322. The Supreme Court denied certiorari. *Kirkland v. United States*, 558 U.S. 1116 (2010).

Mr. Kirkland next moved to reduce his sentence based on the Fair Sentencing Act of 2010. The district court denied this motion. Order Mot. Reduce Sentence, *United States v. Kirkland*, No. 3:07-cr-30137-MJ-DGW, (S.D. Ill. Feb. 2, 2012). He sought the same relief—without success—twice more in the ensuing five years. *See* Mem. and Order, *United States v. Kirkland*, No. 3:07-cr-30137-MJ-DGW (S.D. Ill.

2

May 14, 2015); Min. Order, *United States v. Kirkland*, No. 3:07-cr-30137-MJ-DGW, (S.D. Ill. Feb. 2, 2012). Mr. Kirkland also moved for habeas relief under 28 U.S.C. § 2255, asserting ineffective assistance of counsel before and during trial. Dismissal Order, *Kirkland v. United States*, No. 3:10-cv-00958-MJR, (S.D. Ill. Mar. 4, 2014). The court dismissed this motion. *Id.*

In March 2018, Mr. Kirkland—from federal prison in Kansas—applied for habeas relief under 28 U.S.C. § 2241. He argued the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), provided a previously unavailable tool of statutory interpretation that undercut the sentencing court's determination that his Missouri conviction was a predicate felony drug offense under 21 U.S.C. § 841. The district court dismissed this application because Mr. Kirkland failed to demonstrate that his § 2255 remedy was inadequate under § 2255(e).

About four months later, Mr. Kirkland filed a second § 2241 application in the District of Kansas, making the same arguments as he did in the first application. The district court dismissed for the same reason. Mem. and Order, *Kirkland v. English*, No. 5:18-cv-03186-JWL, (D. Kan. Aug. 3, 2018). Mr. Kirkland timely appealed this second dismissal.

## II. DISCUSSION

A federal prisoner may pursue habeas relief under two statutes. The first is 28 U.S.C. § 2241—the codification of the original federal habeas statute. *See Hale v. Fox*, 829 F.3d 1162, 1166 (10th Cir. 2016). "[A] prisoner must bring a § 2241

3

application in the district where he or she is incarcerated." *Id.* Section 2241 does not limit the number of applications a prisoner may bring. *See* 28 U.S.C. § 2241; *see also id.* § 2244 (limiting habeas applications under § 2254 and § 2255). An application under 28 U.S.C. § 2241 generally attacks the execution of a sentence rather than its validity. *Brace v. United* States, 634 F.3d 1167, 1169 (10th Cir. 2011).

The second is 28 U.S.C. § 2255, which Congress enacted in 1948 "to distribute the work of collateral review more evenly among federal courts" by requiring prisoners to file in the court that convicted them. *Hale*, 829 F.3d at 1168. A prisoner may generally bring only one § 2255 motion, *id.* at 1165, but may bring a second motion with a certification from a circuit court that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale*, 829 F.3d at 1165. But "in rare instances," the "savings clause" in § 2255(e) permits a prisoner to avoid § 2255's restriction on second and successive motions and bring an application under § 2241 instead. *Id.* (quotations omitted). The savings clause provides:

4

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). "Thus, a federal prisoner may file a § 2241 application challenging the validity of his sentence only if § 2255 is inadequate or ineffective to test the legality of his detention." *Hale*, 829 F.3d at 1165 (quotations omitted).

A § 2241 applicant "bears the burden of showing he satisfies § 2255(e)." *Id.* at 1170. "The relevant metric or measure" for application of § 2255(e) "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). If the argument could have been tested in an initial § 2255 motion, "then the petitioner may not resort to the savings clause and § 2241." *Id.* We have identified only two examples in which § 2255 was inadequate or ineffective: (1) when the sentencing court has been abolished, or (2) "when the application of § 2255(h)'s bar against a second or successive motion for collateral review would seriously threaten to render the § 2255 remedial process unconstitutional." *Hale*, 829 F.3d at 1173-74 (quotations omitted).

Mr. Kirkland does not contend his case meets either of the *Prost* exceptions. Instead, he urges us to apply a different savings clause gatekeeping rule—the erroneous-circuit-foreclosure test—recognized in *Wooten v. Cauley*, 677 F.3d 303,

307-08 (6th Cir. 2012), and *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Under this test, the savings clause may be triggered if (1) circuit precedent at the time of the initial § 2255 motion precluded the applicant from arguing his conduct fell outside the scope of the statute of conviction, and (2) that precedent is later overturned, enabling the argument. *See Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018).

Mr. Kirkland argues that the Supreme Court announced in *Descamps* and *Mathis* a method of statutory interpretation that would render his prior Missouri conviction ineligible to enhance his federal sentence. He argues that because *Descamps* and *Mathis* had not been decided when he filed his § 2255 motion, they enable him to satisfy the savings clause.

The district court correctly rejected this argument. Even if, under *Descamps* and *Mathis*, his Missouri conviction were ineligible to enhance his federal sentence, *Prost*, which rejected the erroneous-circuit-foreclosure test, 636 F.3d at 590-93, precludes Mr. Kirkland's savings clause argument. We turned down a similar argument in *Prost*—that a new case construing the statute he was convicted and sentenced under renders that conviction and sentence invalid. As with Mr. Prost, Mr. Kirkland cannot seek relief under § 2241 because he "was entirely free to raise and test a [*Descamps*-and-*Mathis*]-type argument in his initial § 2255 motion." *Prost*, 636 F.3d at 590. Accordingly, we need not evaluate Mr. Kirkland's argument that his prior offense fails under *Descamps* and *Mathis* to qualify as a felony drug offense for the purposes of his sentence under 21 U.S.C. § 841.

6

## III. CONCLUSION

We affirm the district court's dismissal of Mr. Kirkland's § 2241 application.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge