In the

# United States Court of Appeals
## For the Seventh Circuit

No. 20-2018

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TODD STANDS ALONE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 18-cr-00128-jdp — **James D. Peterson**, *Chief Judge.*

ARGUED MAY 18, 2021 — DECIDED AUGUST 23, 2021

Before EASTERBROOK, BRENNAN, and SCUDDER, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Todd Stands Alone, while imprisoned at a federal correctional facility in Wisconsin, injured a correctional officer. After a bench trial, the district court convicted him for inflicting bodily injury to a federal officer, in violation of 18 U.S.C. § 111. Stands Alone now appeals his conviction and challenges the district court's interpretation of

§ 111. For the reasons explained below, we affirm his conviction.

**I**

On March 1, 2018, Todd Stands Alone was imprisoned at a federal correctional facility in Oxford, Wisconsin. That evening Correctional Officer Shay Decker inspected Stands Alone's cell, where she confiscated a broken pen, a playing card, and a razor blade. Three other officers later entered Stands Alone's cell and removed two bags containing clothing, paperwork, and books.

Stands Alone was displeased. He paced back and forth inside the unit, threw his clothes at the door, and shouted at the officers. To deescalate the situation, Decker ordered Stands Alone to move toward the front of the unit. Instead, he returned to his cell and continued to shout. Decker followed Stands Alone to the cell and warned that she would use pepper spray if he continued to resist. Then, in quick succession, Stands Alone grabbed a fire extinguisher off the wall and lifted it up to his chest; Decker deployed her pepper spray; and Stands Alone discharged the fire extinguisher. Fire suppressant—along with pepper spray chemicals—blew towards Decker, who experienced visual impairment and "suffered physical pain from the chemical burns from pepper spray."

In September 2018, a grand jury indicted Stands Alone for violating 18 U.S.C. § 111(a)(1) and (b). Section 111(a) penalizes whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114," which includes federal correctional officers. Subsection (b) enhances the penalty for those who "inflict[] bodily injury" on the victim in the commission of any act in subsection

(a). The government's indictment against Stands Alone specified that he "knowingly and forcibly resisted, intimidated, and interfered with" Decker "while she was engaged in her official duties, and in doing so, inflicted bodily injury to [her]."

Stands Alone waived his right to a jury trial. One day before the bench trial began, Stands Alone filed a "theory of defense" brief, challenging the indictment as "defective." Relying on the Tenth Circuit's decision in *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016), Stands Alone contended that assault is an essential element of every § 111 offense. He emphasized that the indictment did not allege "assault" and instead "merely provide[d] that he resisted, intimidated and interfered with" Decker. "Much hinge[d] on that omission," Stands Alone continued, because it meant "the grand jury did not find that an assault happened." Later that day, Stands Alone followed up with a "supplementary theory of the defense" brief. In it, Stands Alone attempted to clarify that "the defense [was] not claiming that the indictment does not state an offense, such that it has to be dismissed." He advanced a narrow position: assault is an essential element of a § 111 violation when charged as a misdemeanor or felony, and because the indictment did not charge him for assault, he could be convicted only of an infraction under 18 U.S.C. § 3559(a)(9).

At and after trial, Stands Alone relied on the argument he raised in his two theory of defense briefs and highlighted in his post-trial reply brief: "the government is limited to what the grand jury charged" in the indictment. The grand jury did not charge him with "assault," Stands Alone asserted, so he could be punished with an infraction and not imprisonment.

The district court rejected Stands Alone's claim on the merits. It first noted that Stands Alone's charge implicated § 111(b) because the incident here involved bodily injury to Decker. The government could secure a § 111(b) conviction, the district court reasoned, by demonstrating that Stands Alone forcibly committed at least one of the six acts in § 111(a)(1) against a federal officer and inflicted bodily injury in doing so. The district court said Stands Alone's interpretation—that assault is an element of any conviction under § 111—"defies common sense." Pointing to the six distinct verbs listed in § 111(a)(1), the district court concluded that Stands Alone's interpretation "runs contrary to the textual language, rendering five of the six verbs in subsection (a)(1) superfluous."

Stands Alone's appeal asks us to resolve a single question: Did the district court err in concluding that assault was not an essential element of his § 111 conviction?

## II

### A

We start with the government's contention that Stands Alone's appeal should be dismissed because he waived or forfeited his challenge to his conviction.

In his theory of defense briefs—submitted one day before the trial commenced—Stands Alone argued that assault is an essential element of any § 111 offense. An objection to "a defect in the indictment" must be "raised by pretrial motion." FED. R. CRIM. P. 12(b)(3). Otherwise, the motion will be deemed "untimely," although the "court may consider the defense, objection, or request if the party shows good cause." *Id.* 12(c)(3). The problem with the timing of Stands Alone's

argument was not that he intentionally or inadvertently failed to timely assert a right. Rather, he was silent when Federal Rule of Criminal Procedure 12 required that he file such a motion.

However Stands Alone characterizes his claim, it remains a challenge to the indictment itself, so his request was untimely. Stands Alone's initial theory of defense brief challenged the indictment as defective, which "not only *could* have been presented by pretrial motion but also *had* to be so presented" under Rule 12(b)(3)(B). *United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017). But the district court may exercise discretion to relieve parties of forfeiture. *See* FED. R. CRIM. P. 12(c)(3) (good cause exception); *United States v. Kirkland*, 567 F.3d 316, 322 (7th Cir. 2009) ("If a defendant makes a motion or raises an argument in an untimely manner, it is within the discretion of the district court to refuse to address it."). Here, the district court implicitly found good cause and rejected Stands Alone's interpretation of § 111. And on appeal, the government has not argued that this implied finding was an abuse of discretion, nor do we find it so.

Because the district court reached the question on the merits and both parties have fully briefed the statutory interpretation issue, we decline to accept the government's invitation to dismiss Stands Alone's appeal.

**B**

Now to the merits. We review issues of statutory interpretation de novo. *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020).

Section 111 protects federal officers and federal functions. *See United States v. Feola*, 420 U.S. 671, 679 (1975). The statute, in relevant part, states:

> **(a) In General.**—Whoever—(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties …

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

> **(b) Enhanced Penalty.**—Whoever, in the commission of any acts described in subsection (a) … inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111. Those designated under 18 U.S.C. § 1114 include federal correctional officers.

A defendant violates § 111(a)(1) by forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer—here, Decker. Subsection (a), through its hanging paragraph, prescribes a graded penalty structure. For acts constituting "only simple assault," the defendant commits a misdemeanor offense and can receive a maximum penalty of one-year imprisonment. But if "such acts involve physical contact with the victim of that assault or the intent to commit another felony," the defendant commits a felony

offense and can receive a penalty of up to eight years' imprisonment. Section 111(b) enhances the penalty—up to 20 years' imprisonment—if the defendant "inflicts bodily injury" in committing "any acts" enumerated in subsection (a). In other words, a defendant violates § 111(b) by causing bodily injury to a federal officer while committing one or more of the following acts: assault, resist, oppose, impede, intimidate, and interfere.

Stands Alone argues that assault must be an essential element of all offenses under § 111. Even a felony offense under § 111(b), he contends, demands a showing of assault. In support, Stands Alone relies again on *Wolfname*, 835 F.3d at 1218, in which the Tenth Circuit held that assault is "an essential element of *every* § 111(a)(1) offense." But there, the Tenth Circuit was "bound by" its own precedent, which "divided § 111(a) into two offenses: a misdemeanor and a felony." *Id.* at 1218, 1220 (citing *United States v. Hathaway*, 318 F.3d 1001, 1008–09 (10th Cir. 2003)). Reasoning that a § 111(a)(1) conviction for any of the enumerated six acts "must fall into one of these two categories" based on the language of the hanging paragraph, the Tenth Circuit determined that "a conviction for any of these acts necessarily involves—at a minimum—simple assault." *Id.* at 1218. From this, Stands Alone urges this court to interpret the statute to include assault as an essential element of every offense under § 111, even offenses under subsection (b).

We disagree with this reading. Start with § 111(a)(1). That provision lists six verbs separated by the disjunctive "or" and adjective "forcibly" modifying each of those acts. A proper reading of the text militates against defining resist, oppose, impede, intimidate, and interfere merely as synonyms of

"assault." That is because requiring assault as an essential element of *every* § 111 offense would render the remaining five verbs superfluous. But that cannot be. Our view is supported across other circuits. *See, e.g.*, *United States v. Briley*, 770 F.3d 267, 274 (4th Cir. 2014) ("We must … ascribe meaning to the five remaining verbs."); *United States v. Williams*, 602 F.3d 313, 318 (5th Cir. 2010) (adopting the rule that "a misdemeanor conviction under § 111(a)(1) does not require underlying assaultive conduct"); *United States v. Gagnon*, 553 F.3d 1021, 1027 (6th Cir. 2009) (interpreting the predecessor version of § 111 that "simple assault" is "a term of art that includes the forcible performance of any of the six proscribed actions in § 111(a)"). *Cf. United States v. McIntosh*, 753 F.3d 388, 393 (2d Cir. 2014) (per curiam) ("In drafting Section 111, Congress therefore created the single crime of harming or threatening a federal official, and specified six ways by which the crime could be committed." (internal quotation marks omitted)).

Courts must presume that "each word Congress uses is there for a reason," *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1659 (2017), and "[i]f possible, every word and every provision is to be given effect," ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012) (discussing the surplusage canon). *Cf. Matter of Sinclair*, 870 F.2d 1340, 1344 (7th Cir. 1989) ("To treat the text as conclusive evidence of law is to treat it *as* law—which under the constitutional structure it is."). The most natural way to read § 111 is this: subsection (a)(1) contains six distinct verbs, and subsection (b) enhances the penalty when a defendant inflicts bodily injury while committing one or more of those six acts. So assault is not an essential element of every § 111 offense.

This court's precedent does not point in a different direction. Stands Alone asserts that a "deeper look" at *United States v. Vallery*, 437 F.3d 626 (7th Cir. 2006), supports his reading of § 111. In *Vallery*, this court considered whether § 111's misdemeanor provision applied just to the verb "assaults" or whether it extended to the remaining five verbs. *Id.* at 633. The defendant argued that because the indictment did not include the use of physical force, he could be convicted only of a simple assault (a misdemeanor offense) with a maximum sentence of one year. *Id.* at 629. Reasoning that "the simple assault provision applies to the entirety of § 111(a)" and noting that the indictment "did not allege physical contact or any aggravating facts," this court concluded that the defendant could be convicted only of a misdemeanor. *Id.* at 632–33.

This discussion in *Vallery*, however, has limited applicability here. That case addressed a slightly different question: "whether [defendant's] indictment, which did not allege physical contact, charged him under § 111 with a felony or a misdemeanor." *Id.* at 629. *Vallery* neither involved the question whether assault is an essential element of every § 111 offense nor implicated an interpretation of subsection (b), as here. Instead, that case focused on the scope of the misdemeanor simple assault provision of subsection (a). So *Vallery* does not answer the question in this case.

The Fourth Circuit's decision in *Briley* is instructive. There, a defendant argued that assault is a required element of both a misdemeanor offense and a felony offense under § 111(a). 770 F.3d at 273. In addition to recognizing that the defendant's reading "renders a slew of verbs § 111(a) largely surplusage," the Fourth Circuit emphasized that such interpretation "produces an absurd result." *Id.* at 273–74. Construing assault as a

required element of § 111(a) offenses, that court emphasized, would mean that a "person could use force to resist federal officials, to oppose them, to impede them, to intimidate them, and to interfere with them" but still "escape the reach of § 111" so long as his conduct does not constitute an assault. *Id.* at 274.

We agree with this point. True, the absurdity doctrine has not been universally favored. *Compare City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 449 n.4 (2002) (Scalia, J., dissenting) ("A possibility so startling (and unlikely to occur) is well enough precluded by the rule that a statute should not be interpreted to produce absurd results."), *with* John F. Manning, *The Absurdity Doctrine*, 116 HARV. L. REV. 2387, 2394–2408, 2461–63 (2003) (critiquing the absurdity doctrine). And this circuit has confined the doctrine to linguistic, as opposed to substantive, absurdity. *See, e.g.*, *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 642 (7th Cir. 2012) (explaining that the absurdity doctrine "does not mean" that a court can make "substantive changes designed to make the law 'better'"); *United States v. Logan*, 453 F.3d 804, 806 (7th Cir. 2006) (noting that the absurdity doctrine "is limited to solving problems in exposition, as opposed to the harshness that a well-written but poorly conceived statute may produce"), *aff'd*, 552 U.S. 23 (2007). Still, it provides a useful illustration here. Stands Alone's proposed interpretation that assault is an essential element of any § 111 offense would lead to what *Briley* described as an absurd outcome—a path we decline to tread.

## III

For these reasons, we AFFIRM Stands Alone's conviction.